IN THE MATTER OF: O'SHEA STERLING, A MINOR CHILD

No. 8229DC820

(Filed 16 August 1983)

**Parent and Child § 1— neglect of child—termination of parental rights**

The trial court's conclusions that respondent mother neglected her child within the meaning of G.S. 7A-289.32 and G.S. 7A-517(21), that respondent has demonstrated that she will not properly care for the child, and that the child's best interests require that respondent's parental rights be terminated were supported by the court's findings which established that the child was left in foster care from October 1977 until March 1979, during which respondent visited the child on only five occasions for a total of only eleven days, and that for substantial periods during such time her whereabouts were unknown; soon after custody was returned to respondent in March 1979, she left the child with distant relatives and received psychiatric hospital care until 9 April 1980; following her release from the hospital, she and the child lived with a certain man for two weeks, after which respondent requested that the child be returned to foster care or placed for adoption; the child was returned to foster care and since then respondent has visited him only twice; respondent has made no reasonable effort to obtain regular employment and dropped out of a CETA program; respondent drank heavily, was arrested for drunkenness several times, lived under a bridge for several days, and was again committed to a mental health care facility for inebriancy; and respondent failed to provide any amount whatever for the child's support during the period involved.

APPEAL by respondent Koketta Sterling from *Guice, Judge.* Judgment entered 24 February 1982 in District Court, McDowELL County. Heard in the Court of Appeals 19 May 1983.

In 1976, O'Shea Sterling was born out of wedlock to the respondent mother, then a student in high school. The father of the child has released all of his rights to the child. Since October 14, 1977, the child has been under the control of the McDowell County Department of Social Services, whose suit to terminate the respondent's parental rights was filed in September, 1981. After trial, judgment was entered terminating respondent's parental rights.

*E. Penn Dameron, Jr. for petitioner appellee.*

*Carnes and Little, by Stephen R. Little, for respondent appellant.*

PHILLIPS, Judge.

The respondent having excepted to none of the court's findings of fact, they are conclusive, *In re Biggers,* 50 N.C. App. 332, 274 S.E. 2d 236 (1981), and the only question for determination is whether the facts so found support the court's conclusions that the respondent neglected the child within the meaning of G.S. 7A-289.32 and G.S. 7A-517(21), has demonstrated that she will not properly care for it, and that the child's best interests require that the respondent's parental rights be terminated.

The court's findings, among other things, establish that during the four years or so preceding the filing of the action that: The child was left in foster care from October, 1977 until March, 1979, a period of seventeen months, during which respondent visited the child on only five separate occasions for a total of only eleven days, and that for substantial periods during those seventeen months, her whereabouts were unknown; soon after custody was returned to respondent in March, 1979, she left the child with distant relatives and received psychiatric care for a mental and emotional malady at Broughton Hospital until April 9, 1980; following her release from the hospital, she and the child lived with a man named Ronnie Sears for two weeks, after which respondent requested that the child be returned to foster care or placed for adoption; the child was returned to foster care and since then respondent has visited him only twice; she has made no reasonable effort to obtain regular employment or even to be employable, and, without reason or explanation, dropped out of a

CETA program that Social Services got her in after two weeks; she drank heavily, was arrested for drunkenness several times, lived under a bridge for several days, and was again committed to Broughton Hospital for inebriancy; and failed to provide any amount whatever for the child's support during all the period involved.

These findings support the conclusions made and the order appealed from is therefore

Affirmed.

Judge WELLS concurs.

Judge HEDRICK concurs in result.