ALLAN D. THOMPSON v. GEORGE EARL JAMES

No. 8528SC1066

(Filed 6 May 1986)

**Automobiles and Other Vehicles § 45.3— actions after accident—relevancy on credibility and severity of injuries**

In an action to recover for injuries allegedly sustained when plaintiff was struck by defendant's car in a parking lot, evidence that plaintiff contacted his lawyer before he did his doctor following the accident and that between the time of the accident and the trial defendant brought two actions against other persons claiming serious injuries from his foot being run over by a car and from a beating was relevant on questions of defendant's credibility and the severity of his injuries. N.C.G.S. § 8C-1, Rule 608(b).

APPEAL by plaintiff from *Ferrell, Judge.* Judgment entered 15 May 1985 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 13 February 1986.

Plaintiff sued to recover for injuries allegedly sustained when struck by defendant's car in a shopping center parking lot. The evidence concerning both the accident and plaintiff's alleged injury was in sharp conflict: While plaintiff testified that he was injured when defendant's car suddenly backed into him, a disinterested eyewitness testified that plaintiff, not watching where he was going, walked into defendant's barely moving car, but did not lose his balance. Defendant testified that his car did not hit plaintiff and that he refused to go to the hospital or to permit an ambulance to be called; and the doctor who examined plaintiff a few hours after the incident testified that though plaintiff said he was knocked down by the car and complained of pain in his hip, back and neck that no bruise, abrasion, or tenderness was detected. The jury rendered verdict for the defendant on the negligence issue and judgment was entered thereon.

*Robert G. Karriker for plaintiff appellant.*

*Roberts, Cogburn, McClure & Williams, by Isaac N. Northup, Jr. and Glenn S. Gentry, for defendant appellee.*

PHILLIPS, Judge.

In appealing plaintiff contends that the court erred to his prejudice in permitting defendant to elicit irrelevant, inflam-

matory information from him during cross-examination and in not instructing the jury as he requested. Neither contention has merit in our opinion and we overrule them.

The testimony given over objections as to relevancy was that: (1) Following the parking lot accident plaintiff contacted his lawyer before he did his doctor; (2) between the time this accident occurred and the trial, five years later, he sued Scott Wilson and Randall Wilson, alleging that they ran their car over his foot and injured him, and he also sued the county sheriff, alleging that his deputy gave him a severe beating and seriously injured him. The testimony objected to was relevant to an issue being tried, in our opinion, and it was also admissible for the purpose of impeaching plaintiff's credibility and showing his bias as a witness. Furthermore, all his objections were lost because substantially the same testimony was given by others without objection. *Shelton v. Southern Railway Co.*, 193 N.C. 670, 139 S.E. 232 (1927). An important issue in the case was the extent of plaintiff's injury and even if he had one, and contacting his lawyer before he did his doctor could indicate that his injury was not as severe as he claimed; it could also indicate, along with the other evidence discussed below, that he has an unduly litigious nature, a proper ground for impeachment, we believe, in a case based on circumstances that suggest exaggeration. 1 Brandis N.C. Evidence Sec. 43, p. 164 (2d rev. ed. 1982); G.S. 8C-1, Rule 608(b), N.C. Evidence Code. In all events the court's ruling was harmless since plaintiff's wife testified without objection that "[h]e called his lawyer before his doctor because it's customary for him to check with his attorney before he makes any move." Plaintiff's claims against the Wilsons and the sheriff are also relevant to this claim because the injuries that they allegedly caused could be partially or entirely responsible for plaintiff's present condition. Dr. Berkey, one of plaintiff's doctors, testified that:

> Mr. Thompson did tell me about Mr. Wilson's case and it is impossible for me to weed that case from this one and also the sheriff's case. He stated that Mr. Wilson ran over his foot. I have not seen the Complaint in that case.

The other evidence that bore on plaintiff's credibility and the severity of his injuries and helped make the evidence complained of relevant was that (a) following the parking lot incident his doc-

tor did not "find a single bruise, skin mark, cut or blotch"; (b) following his alleged beating by the sheriff plaintiff's emergency room record stated that there were no abrasions on his body; and (c) in both instances plaintiff sued claiming to be seriously injured.

Plaintiff's requested jury instruction concerned the duty of a motorist in backing his vehicle. While the instruction could have been properly given the refusal to give it was not error because the instruction that the court gave on this issue was both adequate and correct. *Anderson v. Smith*, 29 N.C. App. 72, 223 S.E. 2d 402 (1976).

No error.

Judges ARNOLD and EAGLES concur.