RICHARD S. MYERS AND MARY HOFFMAN MYERS v. LIBERTY LINCOLN-MERCURY, INC.

No. 8721DC692

(Filed 15 March 1988)

1. **Unfair Competition § 1— unfair trade practice—misrepresentation of model year of car**

   The trial court's findings that defendant sold plaintiffs a 1982 model car which defendant misrepresented as being a 1983 model and that the car was worth $1,400 less than a 1983 model supported the court's conclusion that the misrepresentation violated N.C.G.S. § 75-1.1.

2. **Unfair Competition § 1— unfair trade practice—misrepresentation of model year of car—mistake no defense**

   Defendant's contention that a misrepresentation of the model year of a car sold to plaintiffs was not intentional or fraudulent but was just a "mistake" by its employees was not a defense to plaintiffs' action for an unfair trade practice under N.C.G.S. § 75-1 *et seq.*

3. **Unfair Competition § 1— unfair trade practice—misrepresentation of model year of car—revised contract**

   Plaintiffs' unfair trade practice action based on defendant's misrepresentation that a 1982 model car sold to plaintiffs was a 1983 model was not required to be dismissed as a matter of law because a "revised contract" that plaintiffs admittedly signed a few days after the car was bought states that it is a 1982 model where there was evidence that defendant's agent obtained plaintiffs' signatures on the revised contract by telling them that new papers had to be signed because the monthly payments called for in the original contract had been miscalculated and could not be keyed into the computer, and that plain-

tiffs did not read the new contract and did not learn until later that the car was not a 1983 model.

4. Witnesses § 7— writings used to refresh memory—examination of whole file by opposing counsel—absence of in camera examination—harmless error

Although the trial court violated Rule of Evidence 612 in permitting plaintiffs' counsel to examine defendant's entire file when cross-examining a witness who had referred to documents in the file without making an *in camera* examination of papers in the file claimed by defendants to be privileged, such error was not prejudicial where nothing in the record suggests that the examination of the file produced anything harmful to defendant or changed the outcome of the case.

APPEAL by defendant from *Hayes, Judge.* Judgment entered 10 March 1987 in District Court, FORSYTH County. Heard in the Court of Appeals 5 January 1988.

*Leonard, Tanis & Cleland, by Robert K. Leonard and Warren C. Hodges, for plaintiff appellees.*

*A. Carl Penney for defendant appellant.*

PHILLIPS, Judge.

[1] Plaintiffs sued defendant under Chapter 75 of the North Carolina General Statutes for selling them a 1982 model Oldsmobile Firenza automobile that it represented was a 1983 model, and following a trial before Judge Roland H. Hayes without a jury judgment was obtained in the amount of $4,200. The judgment was based upon findings that the 1982 model car plaintiffs bought from defendant was misrepresented as being a 1983 model and was worth $1,400 less than a 1983 model and conclusions of law that defendant's misrepresentation violated G.S. 75-1, *et seq.* and the damages should be trebled. The judge's findings of fact, not being excepted to by defendant, are binding upon us, *In re Sterling*, 63 N.C. App. 562, 305 S.E. 2d 769 (1983), and clearly support the conclusion of law that the misrepresentation violated G.S. 75-1.1.

[2, 3] In seeking to overturn the judgment defendant contends that the record established two defenses to the suit and that other prejudicial errors were made. First, it asserts that the misrepresentation as to the model of the car was not a violation of the Act because it was not intentionally or fraudulently made, but was just a "mistake" by its employees. This contention has no

legal basis, since to prevail in a Chapter 75 case, a purchaser of misrepresented merchandise does not have to prove fraud, bad faith or intentional deception as at common law; it is enough that the goods bought were misrepresented, *Marshall v. Miller*, 302 N.C. 539, 276 S.E. 2d 397 (1981), assuming, of course, that the other requisites of the action are proved, about which no question is raised by this appeal. Next, it contends that the action should have been dismissed as a matter of law because a "revised contract" that plaintiffs admittedly signed a few days after the car was bought states that it was a 1982 model. This contention ignores, *inter alia*, the evidence plaintiffs presented on this point, the prerogative a fact finder has under our jurisprudence to determine the credibility of conflicting evidence, and the court's uncontested findings of fact to the effect that the so-called "revised contract" was a sham. Plaintiffs' evidence with respect to this contention, in substance, was that: About a week after the sale was completed and plaintiffs drove the Firenza away, defendant's agent obtained their signatures to the paper dubbed a "revised contract" not by candidly telling them a mistake had been made as to the model of the car, but by claiming that new papers had to be signed because the monthly payments called for by the original contract had been miscalculated and could not be keyed into the computer; and that plaintiffs did not read the so-called new contract and did not learn until later that the car was not a 1983 model. These are the established facts on this question because the court's unchallenged findings are based thereon; and they certainly do not establish that defendant is entitled as a matter of law to the dismissal of plaintiffs' case.

Defendant's next contention, that the court erred in finding damages based on plaintiffs' book value testimony, is supported not by an exception to any finding of fact by the court, but by three exceptions to the admissibility of opinion testimony by plaintiff Richard Myers that the fair market value of the 1982 Firenza was $1,400 less than that of a 1983 Firenza. Thus, the assignment has no proper basis and we overrule it; in doing so we also note that, without objection or exception by defendant, opinions to substantially the same effect were testified to by several other qualified witnesses. *Thompson v. James*, 80 N.C. App. 535, 342 S.E. 2d 577 (1986).

**[4]**  Finally, defendant argues that the trial judge erred in permitting plaintiffs' counsel over its objection to examine defendant's entire file pertaining to the car and case when cross-examining an employee of defendant's who had referred to some documents in the file during direct examination. Since Rule 612, N.C. Rules of Evidence requires the judge to make an *in camera* examination of papers claimed to be privileged before permitting an adversary to examine them and the judge made no such examination, error was committed. But nothing in the record suggests, much less shows, that the examination of the file produced anything harmful to the defendant or changed the outcome of the case.

Affirmed.

Judges JOHNSON and ORR concur.