KATHY F. CORWIN, ADMINISTRATRIX CTA OF THE ESTATE OF JANET M. DICKEY AND MELISSA LEIGH McCRIMMON BY AND THROUGH HER GUARDIAN AD LITEM, MICHAEL McCRIMMON v. THOMAS J. DICKEY

No. 8830SC247

(Filed 1 November 1988)

**Trial § 11.1— automobile negligence action—jury argument as to religious values and legal profession improper**

   A personal assault on plaintiffs, calculated to interject religious values and criticism of the legal profession into an automobile negligence action, was in no way supported by the evidence and constituted an abuse of counsel's privilege to argue his case which entitled plaintiffs to a new trial.

APPEAL by plaintiffs from *Ferrell, Judge.* Judgment entered 22 May 1987 in Superior Court, HAYWOOD County. Heard in the Court of Appeals 31 August 1988.

These are two civil actions commenced 28 September 1983 which both allege that defendant Thomas J. Dickey was grossly negligent in the operation of his automobile on 11 October 1981, thereby causing an accident which injured plaintiffs. The first is a wrongful death action brought by the estate of Janet M. Dickey, defendant's wife, who was a passenger in the vehicle driven by defendant. The second action, brought on behalf of minor plaintiff Melissa Leigh McCrimmon, daughter of deceased Janet Dickey by her former marriage, is for injuries she sustained while also a passenger in defendant's automobile.

*Alley, Hyler, Killian, Kertsen, Davis and Smathers, by Robert J. Lopez and George B. Hyler, Jr., for plaintiff-appellants.*

*Robert G. McClure, Jr., and Frank J. Contrivo for defendant-appellee.*

JOHNSON, Judge.

On 10 October 1981, defendant Thomas J. Dickey, his wife Janet Dickey, now deceased, and Mrs. Dickey's daughter, Melissa McCrimmon, spent the night at the Maggie Valley Inn and Country Club in Haywood County, North Carolina. The next morning, a Sunday, defendant Dickey drove the three of them to a church service at the top of Lord's Mountain, also in Haywood County. The last part of the trip was a five to ten minute drive up a gravel road which leads to the top of Lord's Mountain.

After the church service the three had dinner near the top of the mountain with individuals they met there. Then, at about 3:00 p.m., defendant Dickey began driving his wife and stepdaughter down the narrow mountain road to return to their hotel. He passed two cars coming towards him on a steep grade and then followed a curve in the road. About three to six car lengths past the curve, defendant saw what he described as a truck parked on the left side of the road, making defendant's portion of the road very narrow. To the right of the road were vegetation and a steep embankment. Defendant proceeded and after passing the truck, his right wheels slipped off the roadway and he lost trac-

tion. Defendant gave the car gas in an unsuccessful attempt to cut the wheels back onto the road. The car hung for a moment on the side of the road, then tumbled down the enbankment about 125 feet and landed on its wheels.

Janet Dickey was thrown from the vehicle and subsequently died from injuries she sustained in the accident. Melissa McCrimmon and defendant Dickey both sustained physical injuries.

Plaintiffs filed their original complaint on 28 September 1983 alleging negligence by defendant and also issued a summons on that date. On 31 October 1983, plaintiffs, pursuant to G.S. sec. 1A-1, Rule 15(a), amended their complaint to add as an additional defendant the North Carolina Department of Transportation, alleging negligence by the Department in the construction and maintenance of the road on which the accident in question occurred. On 7 November 1983, the Department of Transportation moved to dismiss pursuant to G.S. sec. 1A-1, Rules 12(b)(1) and 12(b)(2). This motion was granted. Defendant Dickey answered on 14 November 1983, denying negligence.

On 10 July 1985, plaintiffs moved to amend their complaint pursuant to G.S. sec. 1A-1, Rule 15(a). The purposes of this motion were to delete the Department of Transportation as a party, to allege gross negligence against defendant Dickey, and to request punitive damages from him in addition to compensatory damages. The court granted leave to amend on 9 September 1985, and on 13 September 1985 defendant Dickey filed his amended answer.

A jury trial of this action commenced on 20 May 1987. The jury was presented with two liability issues: (1) "Did Janet M. Dickey, deceased, die as a result of the negligence of the Defendant, Thomas J. Dickey?", and (2) "Was the Plaintiff, Melissa Leigh McCrimmon, injured or damaged by the negligence of the Defendant, Thomas J. Dickey?" The jury answered both questions in the negative, and plaintiffs recovered nothing.

On 1 June 1987, plaintiffs moved for a new trial, pursuant to G.S. sec. 1A-1, Rule 59 on the grounds that: (1) the verdict was contrary to the weight of the evidence; (2) defense counsel's misconduct during the closing argument prejudiced the jury and prevented plaintiff from having a fair trial; (3) newly discovered evidence became available after trial; and (4) errors in

law, to which plaintiff objected, occurred at the trial. The trial court denied plaintiffs' motion for a new trial, and plaintiffs here appeal that denial.

By their first Assignment of Error, plaintiffs contend that statements made by defense counsel during closing argument prejudiced the jury against them and prevented plaintiffs from having a fair trial. Although closing arguments were not recorded at trial, certain statements of defense counsel were reconstructed during settlement of the record on appeal to reflect substantially statements made at trial:

(i) Any money that you will award will go to the lawyers; this is a lawyers case, money, money, money! The lawyers brought this case, it is for their benefit. All I see is their financial benefit. What is the world coming to? It is all for money.

(ii) Is it Christian to sue for money? Is it Christian for a step-daughter to sue her stepfather who was going to take care of her? It's as unchristian as Jim and Tammy Bakker.

(iii) Defense counsel pointed to the 10 commandments and said: Suits like this should not be brought.

(iv) There will be a reckoning on Judgment Day for persons who are greedy and how will these people defend this.

Plaintiffs objected to these statements and the trial court sustained the objections.

We are mindful, as defendant points out, that an attorney has wide latitude in arguing his case to the jury. *Pence v. Pence*, 8 N.C. App. 484, 174 S.E. 2d 860 (1970) (citation omitted). Further, in North Carolina it is well-established that comment of counsel is ordinarily left to the sound discretion of the trial judge, and that the reviewing court will reverse his decision (that counsel's statements were not grounds for a new trial) only when it is clear that counsel's impropriety was gross and well calculated to prejudice the jury. *Lamborn v. Hollingsworth*, 195 N.C. 350, 353, 142 S.E. 19 (1928). We believe this is just such a case. We are limited here to dealing with an incomplete record of defense counsel's argument. Even so, it is apparent that the statements before us were made for the sole purpose of prejudicing the jury's decision

on the issue before it, namely, whether defendant was negligent, by impugning plaintiffs' characters and motives.

It is true that counsel has the undoubted right to argue every aspect of his case supported by the evidence and all reasonable inferences drawn therefrom. *Pasour v. Pierce*, 76 N.C. App. 364, 333 S.E. 2d 314 (1985). However, this personal assault on plaintiffs, calculated to interject religious values and criticism of the legal profession into an automobile negligence action, is in no way supported by the evidence and constituted an abuse of counsel's privilege to argue his case. Counsel has no privilege to humiliate and degrade plaintiffs in the eyes of the jury. *Coble v. Coble*, 79 N.C. 589 (1878).

Our Supreme Court has stated that the standard of review when a new trial is either granted or denied pursuant to G.S. sec. 1A-1, Rule 59 is whether the trial court committed an abuse of discretion. *Worthington v. Bynum*, 305 N.C. 478, 290 S.E. 2d 599 (1982). Although we recognize the stringency of this standard, we believe that because of the extremely prejudicial effect of defense counsel's remarks on plaintiffs' case, the able trial judge, in this instance, did abuse his discretion in denying plaintiffs a new trial. Further, we do not believe the trial court's sustaining plaintiffs' objections to those remarks was sufficient to remove the effects of these highly prejudicial statements. The court should have also directed defense counsel to refrain from such statements and clearly admonished the jury to totally disregard them in reaching its decision. *See Wilcox v. Motors Co.*, 269 N.C. 473, 153 S.E. 2d 76 (1967); 88 C.J.S., *Trial*, secs. 200-202.

By Assignments of Error two through seven, plaintiffs contend they were prejudiced by numerous questions asked during trial by defense counsel. Because we are confident that there will not be a recurrence of such questions at the new trial of this action, we decline to specifically review them.

Similarly, we deem it unnecessary to review plaintiffs' assignments of error eight through ten since they are moot questions in light of our holding as to plaintiffs' first assignment of error.

For the aforementioned reasons, we find the trial court erred in denying plaintiffs a new trial, and therefore we vacate the judgment of the trial court and order a

New trial.

Judges PARKER and COZORT concur.