In re Carlo Mario BOZZANO, Debtor.

Wayne T. PETERSON and wife, Cornelia G. Peterson, Plaintiffs,

v.

Carlo Mario BOZZANO, Defendant.

Bankruptcy No. B–91–11864C–7W.
Adv. No. A–91–2478.

United States Bankruptcy Court,
M.D. North Carolina,
Winston–Salem Division.

June 15, 1995.

Daniel R. Taylor, Jr., Winston–Salem, NC, for Carlo Mario Bozzano.

Gene B. Tarr, Ashley S. Rusher, Winston–Salem, NC, for Cornelia G. Peterson and Wayne T. Peterson.

## MEMORANDUM OPINION AND ORDER

WILLIAM L. STOCKS, Bankruptcy Judge.

This adversary proceeding is before the court pursuant to an order entered in the District Court on March 20, 1995, remanding this case for resolution by this court of the legal and factual questions raised by Plaintiffs' claim that Defendant is liable to them under Chapter 75 which were not addressed by this court in the judgment and orders entered by this court before this adversary proceeding was appealed to the District Court.

## BACKGROUND

In a memorandum opinion filed May 31, 1994, this court held that Debtor's conduct constituted false representations and false

pretenses within the meaning of Section 523(a)(2)(A) of the Bankruptcy Code. *In re Bozzano,* 173 B.R. 990, 995 (Bankr.M.D.N.C. 1994). Without addressing Plaintiffs' claim under Chapter 75 of the General Statutes of North Carolina, this court found that Plaintiffs had incurred actual damages of $57,-003.32 as a result of Debtor's misconduct. *Id.* 996. This court further found that Plaintiffs had been able to recover $40,000.00 from Edward Zotian, another principal of Bozzano Construction Company, reduced the amount of actual damages incurred by Plaintiffs by this amount and ruled that "the net amount of indebtedness which the plaintiffs are entitled to claim and which is non-dischargeable [under Section 523(a)(2)(A) ] is $17,003.32." *Id.* A judgment in accordance with the memorandum opinion was entered on May 31, 1994.

On June 10, 1994, Plaintiffs moved for an order for relief from the judgment of May 31, 1994, or, alternatively, for an amendment of that judgment, pursuant to Rules 60(b) and 59(e) of the Federal Rules of Civil Procedure, respectively, and Rules 9024 and 9023 of the Bankruptcy Rules. Plaintiffs' motion requested that this court amend the memorandum opinion and judgment entered thereon to find that Debtor's actions constituted a violation of Chapter 75 of the General Statutes of North Carolina and that, as a result, Plaintiffs were entitled to treble damages and attorney fees. Plaintiffs also asked that the court treble their actual damages before allowing a credit for Mr. Zotian's payments, and before making a determination as to the dischargeability of the remaining debt including treble damages. On June 13, 1994, Debtor moved pursuant to Rule 60 of the Federal Rules of Civil Procedure and Rule 9024 of the Bankruptcy Rules for a reduction of the May 31, 1994, judgment by $10,000.00 based upon an additional $10,000.00 payment by Mr. Zotian to Plaintiffs.

On July 28, 1994, this court entered a memorandum opinion and two orders contemporaneously therewith in response to the motions of Plaintiffs and Debtor. *In re Bozzano,* 173 B.R. 990 (Bankr.M.D.N.C.1994). In regard to Plaintiffs' claim under § 523(a)(6), this court held that Plaintiffs had

not established that they were entitled to a finding of nondischargeability under § 523(a)(6) of the Bankruptcy Code because, in regard to the requirement that Plaintiffs establish malicious injury by the Defendant, "the evidence did not establish that the defendant acted with the knowledge that his actions were certain or substantially certain to cause injury." *Id.* at 996–97 n. 1. In regard to Plaintiffs' claim under § 523(a)(2)(A), this court, after concluding that treble damages under N.C.Gen.Stat. § 75–16 were not nondischargeable under § 523(a)(2)(A) of the Bankruptcy Code, denied Plaintiffs' motion for treble damages under N.C.Gen.Stat. § 75–16 without deciding whether or not Plaintiffs would be otherwise entitled to them. *Id.* at 998–99. This court then found that Plaintiffs had received an additional $10,000.00 from Zotian since the judgment of May 31, 1994, and reduced Plaintiffs' nondischargeable claim against Debtor to $7,003.32. *Id.* at 999.

This was followed by Plaintiffs' appeal to the District Court. The District Court affirmed all of the findings and conclusions made by this court but noted that this court had not addressed issues raised by Plaintiffs' claim that they were entitled to treble damages under Chapter 75 of the North Carolina General Statutes and remanded this adversary proceeding in order for this court to do so.

## ISSUES

Plaintiffs' claim for punitive damages pursuant to Chapter 75 of the North Carolina General Statutes raises the following unresolved issues:

(1) Whether the compensatory damages awarded Plaintiffs in this case should be trebled pursuant to Chapter 75 of the North Carolina General Statutes;

(2) If so, whether the amount paid by Mr. Zotian should be credited before or after the compensatory damages are trebled; and

(3) If the compensatory damages should be trebled before applying the credit, how should the credit be applied after the compensatory damages have been trebled, i.e., should the credit be apportioned between the

dischargeable and the nondischargeable obligations?

## DISCUSSION

■ Bankruptcy courts apply state law when addressing questions arising under state deceptive trade practices statutes. *See In re Wilson,* 72 B.R. 956 (Bankr.M.D.Fla. 1987) (considering North Carolina law when applying N.C.G.S. § 75–16 in a treble damages issue that arose in the bankruptcy court). The first and second issues in this case involve state law issues which are controlled by the law of North Carolina.

a. Whether the compensatory damages in this case should be trebled pursuant to Chapter 75 of the North Carolina General Statutes.

■ N.C.Gen.Stat. § 75–1.1 provides that "unfair or deceptive acts or practices in or affecting commerce are declared unlawful." In order to establish a violation of § 75–1.1, a plaintiff must meet a three-prong test. *Spartan Leasing v. Pollard,* 101 N.C.App. 450, 400 S.E.2d 476 (1991). Under this three-prong test, there must be a showing of (1) an unfair or deceptive act or practice, or an unfair method of competition; (2) in or affecting commerce; and (3) proximately causing actual injury to the plaintiff. Unfair competition has been described generally as being conduct in which a court of equity would consider unfair. *Pinehurst, Inc. v. O'Leary Bros. Realty,* 79 N.C.App. 51, 338 S.E.2d 918 (1986). "[A] practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Barbee v. Atlantic Marine Sales and Service,* 113 N.C.App. 80, 437 S.E.2d 682 (1993), quoting *Marshall v. Miller,* 302 N.C. 539, 276 S.E.2d 397 (1981). Whether an act or practice is unfair or deceptive is to be determined by all the facts and circumstances surrounding the transaction. *Id.* A plaintiff under this section is not required to show fraud, bad faith or intentional misrepresentation. *Myers v. Liberty Lincoln–Mercury,* 89 N.C.App. 335, 365 S.E.2d 663 (1988). In this case, the court has found that debtor's conduct involved false representations and false pretenses.

As such, Debtor's conduct easily falls within the definition of an "unfair or deceptive" practice as that term has been defined by the North Carolina courts. It follows, therefore, that debtor's conduct constituted a violation of N.C.G.S. § 75–1.1. Once a Plaintiff has established the right to recover under N.C.G.S. § 75–1.1, the award of treble damages pursuant to N.C.G.S. § 75–16 is automatic and not discretionary. *Pinehurst, Inc. v. O'Leary Bros. Realty,* 79 N.C.App. 51, 338 S.E.2d 918, *cert. denied* 316 N.C. 378, 342 S.E.2d 896 (1986); *Atlantic Purchasers, Inc. v. Aircraft Sales, Inc.,* 705 F.2d 712 (4th Cir.) *cert. denied,* 464 U.S. 848, 104 S.Ct. 155, 78 L.Ed.2d 143 (1983). It follows that in this case, under North Carolina law, the compensatory damages of $57,003.32 must be trebled.

b. Whether the amount paid by Mr. Zotian should be credited before or after the compensatory damages are trebled.

■ Under North Carolina law, the actual damages should be trebled before any credit or offset is applied. *Seafare Corp. v. Trenor,* 88 N.C.App. 404, 416–17, 363 S.E.2d 643, 651–52 (1988). In *Seafare,* the North Carolina Court of Appeals concluded that amounts received by a plaintiff from a third party in settlement should not be deducted from the actual damages prior to the actual damages being trebled pursuant to N.C.G.S. § 75–16. The court based its decision on both the plain language and the purpose of the statute. In doing so, the court observed that N.C.G.S. § 75–16 has both a remedial and a punitive purpose and that both purposes would be better served by trebling the actual damages before applying any credit. *See also, Taylor v. Volvo North America Corp.,* 339 N.C. 238, 451 S.E.2d 618 (1994), citing *Seafare* with approval.

Before proceeding to the third issue, it is helpful to summarize the situation which exists with respect to the damages in this case. Actual damages in the amount of $57,003.32 have been awarded to Plaintiffs. Under North Carolina law, these damages must be trebled before applying any credit or offset. After trebling, the damages total $171,009.96, of which the sum of $57,003.32 is nondischargeable under 11 U.S.C. § 523(a)(2)(A),

while the remaining damages of $114,006.64 are dischargeable.[1] Plaintiffs have been paid a total of $50,000.00, raising the final issue of how this payment should be applied or credited to the damages which are recoverable by Plaintiffs.

 c. How should the credit be applied after the compensatory damages have been trebled?

 In reaching this issue, we have left the realm of state law. Dischargeability is uniquely a bankruptcy question and questions regarding the dischargeability of debts are questions of federal bankruptcy law. Determination of whether particular debts arising under state law are dischargeable or nondischargeable is made under federal bankruptcy law. *See e.g., In re Janowski,* 175 B.R. 155 (Bankr.W.D.N.Y.1992) (the characterization of obligations deriving from a marital separation agreement as nondischargeable alimony, maintenance or support or as dischargeable property settlement is a question of federal bankruptcy law irrespective of any label given the obligation by the parties or the state court); *In re Martin,* 161 B.R. 672 (9th Cir. BAP 1993) (the meaning of "fiduciary" for purposes of § 523(a)(4) is an issue of federal bankruptcy law). In the present case the bifurcation of the damages awarded against Debtor occurs solely as a result of the particular provisions of § 523(a)(2)(A) and the fact that under those provisions a portion of the damages are non-dischargeable, while the rest are dischargeable. This is strictly a matter of bankruptcy law, as is the issue of how to apply the payments received by the plaintiffs which is something that must be done in order for the actual amount of the nondischargeable obligation to be determined.

 Unfortunately, there is little available bankruptcy law to aid in this determination. The most instructive case is *In re Hunter,* 771 F.2d 1126 (8th Cir.1985), which involved the question of how the proceeds from a foreclosure should be applied where the deed of trust secured an obligation which included a portion which was nondischargeable. After reviewing various policy considerations, the court in *Hunter* concluded that "the remedy best suited to the harm" was to apportion the proceeds between the nondischargeable debt and the dischargeable debt on a pro rata basis. This is the approach which this court will adopt in the present case. Such an approach is consistent with the policy decision made by Congress in utilizing language under which only the actual loss sustained by the creditor is excepted and punitive or trebled damages are not excepted. It is entirely consistent with this policy to make the same distinction in applying a payment in a dischargeability action brought under § 523(a)(2)(A). *See also In re Jackson,* 58 B.R. 72, 74 (Bankr.W.D.Ky.1986), for another example of the use of pro rata apportionment in the context of a dischargeability dispute.

 In conclusion, the $50,000.00 which has been paid to Plaintiffs should be apportioned between the dischargeable and the nondischargeable portions of the damages on a pro rata basis. This means that two-thirds of the $50,000.00 which has been paid to Plaintiffs should be applied to the portion of the damages representing trebled damages. The remaining one-third of the $50,000.00, or $16,666.66, should be applied to the nondischargeable portion of the damages, reducing the nondischargeable obligation of Debtor from $57,003.32 to $40,336.66.

 IT IS SO ORDERED.

---

1. *See In re Bozzano,* 173 B.R. at 997–99.