JOANNE C. WILLIAMS, Plaintiff v. MIA McCOY, Defendant

No. COA00-626

(Filed 17 July 2001)

## 1. Evidence— relevancy—automobile accident—date attorney retained

The trial court did not err in an automobile negligence action by allowing defendant to ask plaintiff on cross-examination when she had retained an attorney. *Thompson v. James*, 80 N.C. App. 535, indicates that inquiry concerning when a plaintiff hired an attorney is admissible to impeach a litigious plaintiff and is relevant to rebut the existence and extent of plaintiff's injuries. Although there was no evidence that this plaintiff was litigious, the extent of her injuries was a major issue at trial.

## 2. Evidence— cross-examination—explanation of answer denied—reference to insurance claims adjustor

The trial court abused its discretion in an automobile negligence action by not permitting plaintiff to explain her answer where she had been asked whether she had hired an attorney before visiting her doctor, and she would have testified that she hired the attorney after an encounter with defendant's claims adjuster. Plaintiff's explanation was offered for a purpose other than to prove the existence of liability insurance and did not violate N.C.G.S. § 8C-1, Rule 411; furthermore, the prejudicial effect of the testimony was not outweighed by the probative value because the extent of plaintiff's injuries was a major issue and defendant's apparent trial strategy was to characterize plaintiff as blatantly seeking profit.

Appeal by plaintiff from judgment entered 23 March 2000 by Judge Timothy L. Patti in Superior Court, Mecklenburg County. Heard in the Court of Appeals 28 March 2001.

**WILLIAMS v. McCOY**

[145 N.C. App. 111 (2001)]

*Price, Smith, Hargett, Petho & Anderson, by Wm. Benjamin Smith, for plaintiff-appellant.*

*Steven J. Colombo, P.A., by Steven J. Colombo, Kenneth M. Gondek, and Marc H. Amin, for defendant-appellee.*

TIMMONS-GOODSON, Judge.

Joanne C. Williams ("plaintiff") appeals from a judgment entered pursuant to a jury's verdict finding Mia McCoy ("defendant") negligent and awarding plaintiff $3,000.00 in damages. Based upon our review of the record and arguments of counsel, we reverse the judgment and remand for a new trial on all issues.

Plaintiff filed an action against defendant claiming personal injury resulting from a 1997 automobile accident between the two litigants. Based upon a pre-trial motion by defendant, the trial court instructed plaintiff not to testify "that there was liability insurance, reference any conversations or contact with liability insurance adjusters, etcetera[,] pursuant to [North Carolina Rule of Evidence] 411." Plaintiff objected to the court's pre-trial ruling. Plaintiff informed the court that she first hired an attorney "after meeting [defendant's] claims['] adjuster." Plaintiff contended that restricting her testimony pursuant to Rule 411 was prejudicial, arguing that she would not be allowed to explain why she hired an attorney if defendant so inquired. The court reserved ruling based upon plaintiff's objections until such time as the question was raised at trial.

Pertinent to the issues presented on appeal, plaintiff testified concerning the facts surrounding the alleged automobile accident. Plaintiff further testified that she visited and was subsequently released from the emergency room immediately following the accident. According to plaintiff, at the urging of her husband, she visited a chiropractor four days after being released from the emergency room. Plaintiff explained that she did not visit the doctor sooner because he was unavailable. Plaintiff further testified that in two prior work-related accidents she had injured her knee, and that following the collision with defendant, she experienced difficulty walking and a "clicking" sensation in her knee, which she had not previously noticed.

On cross-examination, defense counsel questioned plaintiff extensively concerning the timing of her visit to the chiropractor, the symptoms she related to the emergency room staff, and why she did

not return to the emergency room although her condition worsened. At some point in plaintiff's testimony, defense counsel inquired, "Would you agree that you retained your attorney prior to going to the chiropractor?" Plaintiff objected to the defense's inquiry, but the court overruled the objection and ordered plaintiff to answer. Plaintiff then responded, "No." Defense counsel further inquired, "You dispute that[,]" to which plaintiff answered, "No, in fact, I was told not to talk about insurance." Again, the attorney inquired, "I asked you a question and that is did you retain your attorney prior to going to the chiropractor during which time you said your condition—," and plaintiff responded, "I don't remember."

Following the aforementioned exchange, the court excused the jury and reiterated to plaintiff that she was not to testify concerning insurance. Plaintiff's attorney requested permission to allow plaintiff to explain why she hired an attorney, arguing that defense counsel was attempting to prejudice plaintiff by suggesting that she was litigious. Plaintiff's attorney explained that defense counsel was "building his whole case" around plaintiff's alleged litigious nature. Plaintiff's attorney then quoted the following from defense counsel's opening statement: "We're going to show you that she's here for profit and that she stated it by hiring an attorney before she went to see a doctor." According to plaintiff's attorney, "that [was defendant counsel's] whole theme. He led her into that. As a matter of fact, you hired a lawyer before you went to a chiropractor."

The court subsequently allowed plaintiff to explain her answer on *voir dire*, outside the presence of the jury. Plaintiff offered the following explanation as to why she hired an attorney:

> [Defendant's claims' adjuster] came to my house. And he tried to persuade me to take some money. And he told me that because I had had an injury in '76 that I was wasting my time and that I needed money and let them settle with me so that I can get medical help.

The court again refused to allow plaintiff's testimony and further instructed plaintiff that if she mentioned "insurance" again, he would declare a mistrial and hold her in contempt of court.

Following the presentation of evidence, arguments from counsel, and jury instructions, the jury returned its verdict, finding defendant negligent and awarding plaintiff $3,000.00 in damages. The court denied a subsequent motion by plaintiff for a new trial and entered

judgment based upon the jury's verdict, taxing the cost of the action to plaintiff. From this judgment, plaintiff appeals.

[1] By her first assignment of error, plaintiff argues that the court erred in failing to sustain her objection to defense counsel's inquiry concerning the date upon which she retained an attorney.

As a preliminary issue, we note that the attorney-client privilege is not violated when an attorney questions the plaintiff concerning whether she had communications with an attorney on a particular date, as long as such questioning does not probe the substance of the client's conversation with her attorney. *State v. Tate*, 294 N.C. 189, 192-93, 239 S.E.2d 821, 824-25 (1978); *Blackmon v. Bumgardner*, 135 N.C. App. 125, 141, 519 S.E.2d 335, 344-45 (1999). As defense counsel's inquiry did not concern the substance of plaintiff's conversation with her attorney, the only question that remains is whether the date plaintiff hired her attorney was relevant. We believe that it was.

Relevant evidence is "[any] evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (1999). The aforementioned "standard gives the [trial court] great freedom to admit evidence because the rule makes evidence relevant if it has *any* logical tendency to prove any fact that is of consequence." *State v. Wallace*, 104 N.C. App. 498, 502, 410 S.E.2d 226, 228 (1991) (citation omitted).

This Court has previously indicated that inquiry into when a plaintiff hired an attorney could be relevant, given certain limited circumstances. *See Thompson v. James*, 80 N.C. App. 535, 342 S.E.2d 577 (1986). In *Thompson v. James*, the defendant sought to introduce evidence that the plaintiff visited an attorney prior to visiting a doctor and that he had filed two other lawsuits within a relatively short time of filing the one at issue in *Thompson*. This Court found that the aforementioned evidence, solicited with objection, "was relevant to an issue being tried . . . and it was also admissible for the purpose of impeaching plaintiff's credibility and showing his bias as a witness." *Id.* at 536, 342 S.E.2d at 578.

Plaintiff contends that *Thompson* did not permit the challenged inquiry by the defense. Plaintiff argues that because the *Thompson* court also found the admission of the evidence in question harmless,

that portion of the *Thompson* decision concerning the date of hire question was *dicta* and therefore has no import. We disagree.

We recognize that the *Thompson* court found, based upon the plaintiff's failure to object to like evidence during the trial and other evidence bearing on plaintiff's credibility, that the admission of the evidence was harmless. However, we find that this conclusion was stated in the alternative, while the essence of the *Thompson* court's decision was that evidence concerning when a litigant seeks legal counsel can, in some instances, be admissible. Speaking to this issue, the Court stated:

> An important issue in the case was the extent of plaintiff's injury and even if he had one, and contacting his lawyer before he did his doctor could indicate that his injury was not as severe as he claimed; it could also indicate, along with the other evidence discussed below, that he has an unduly litigious nature, a proper ground for impeachment, we believe, in a case based on circumstances that suggest exaggeration.

*Id.* (citation omitted).

Plaintiff further argues that even if *Thompson* is applicable to the present case, evidence concerning the date she hired an attorney was still inadmissible, because there was no evidence to otherwise support defendant's characterization of her as litigious. According to plaintiff, defendant's inquiry amounted to no more than a "cold question" intended only to infer that she was litigious in nature. With plaintiff's contentions, we again disagree.

Plaintiff's argument misapprehends the law. *Thompson* indicates that inquiry concerning when plaintiff hired an attorney is admissible to impeach a litigious plaintiff *and* is relevant to rebut the existence and extent of plaintiff's injuries from the accident, if evidence exists to support the inquiry on either basis. Although there was indeed no evidence that plaintiff was litigious, in that she had a tendency to file lawsuits, the extent of her injuries was a major issue at trial. In fact, the majority of plaintiff's testimony during both direct and cross-examination concerned the extent of her injuries—the injuries which she reported to the emergency room personnel, the injuries she reported to the chiropractor, what caused her to wait four days before going to the chiropractor, and why she did not return to the emergency room when her symptoms worsened. There was also a question concerning a preexisting injury to plaintiff's knee, which she claimed to have reinjured in the accident. Just prior to the question

concerning when she sought legal advice, plaintiff testified that her "condition worsened from the date of the accident" and that she had "not been the same," although she did not revisit the emergency room and instead waited until, as she claimed, the chiropractor was available. Furthermore, during the pre-trial proceedings, defense counsel specifically informed the court that the date of hire question would be posed to discredit the severity of plaintiff's injuries, not to impeach her as litigious.

As there was a question concerning the extent of plaintiff's injury at trial, we conclude, in accordance with *Thompson*, that the challenged inquiry was relevant, and therefore, the court did not err in overruling objections to its admission at trial. *Compare Corwin v. Dickey*, 91 N.C. App. 725, 373 S.E.2d 149 (1988) (granting new trial in negligence action because attorney's comments concerning plaintiff's religious beliefs and criticizing the legal system were blatant attempts to degrade plaintiff where no evidence existed to support comments). Plaintiff's first assignment of error is consequently overruled.

**[2]** By her next assignment of error, plaintiff contends that the trial court erred in not permitting her to explain her answer when asked whether she hired an attorney prior to visiting the doctor. Plaintiff argues that her explanation was admissible for a purpose other than to prove the existence of liability insurance and that the court abused its discretion in not admitting it as such. With plaintiff's arguments, we agree.

Rule 411 of our Rules of Evidence provides: "Evidence that a person was or was not insured against liability is not admissible upon the issue of whether he acted negligently or otherwise wrongfully." N.C. Gen. Stat. § 8C-1, Rule 411 (1999). Rule 411 represents a narrow exception providing for the exclusion of otherwise admissible and relevant evidence. *See e.g., Medlin v. Fyco, Inc.*, 139 N.C. App. 534, 539-40, 534 S.E.2d 622, 626 (2000) ("where the reference to insurance is incidental and conveys, at most, merely the idea that coverage exists, 'a mistrial would seem *rarely, if ever*, to be justified' "), *disc. review denied*, 353 N.C. 377, 547 S.E.2d 12 (2001). *See generally* 1 Kenneth S. Broun, Brandis & Broun on North Carolina Evidence, § 108, p. 333 (5th ed. 1998). As such, the Rule does not absolutely bar the admission of evidence concerning liability when that evidence is "offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness." *Id.* The exceptions listed in the Rule are nonexclusive, *see* Commentary to N.C.R. Evid. 411, as Rule 411 *only* excludes insurance evidence "as an independent fact,

i.e., solely on the issue of negligent or wrongful conduct" but not if it "is offered to achieve a collateral purpose." *Carrier v. Starnes*, 120 N.C. App. 513, 516, 463 S.E.2d 393, 395 (1995) (citations omitted).

In reviewing whether to admit or exclude evidence under Rule 411, the trial court must consider the mandate of North Carolina Rule of Evidence 403. *See Warren v. Jackson*, 125 N.C. App. 96, 479 S.E.2d 278 (1997). Rule 403 specifies, in pertinent part, that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." N.C. Gen. Stat. § 8C-1, Rule 403 (1999). The Rule 403 balancing test falls within the exclusive purview of the trial court, and therefore the court's decisions under Rule 403 will not be disturbed on appeal absent an abuse of discretion. *Warren*, 125 N.C. App. at 99, 479 S.E.2d at 280. An abuse of discretion occurs when the court's decision "is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. McDonald*, 130 N.C. App. 263, 267, 502 S.E.2d 409, 413 (1998) (citation omitted).

It is clear to this Court that Rule 411 did not bar plaintiff's explanation as to why she hired an attorney, in light of the circumstances presented by the instant case. A review of the transcript reveals that based upon pre-trial discovery, defense counsel knew plaintiff would testify that her motivation for hiring an attorney was a negative encounter with defendant's insurance adjuster. It appears that during opening statements, defense counsel then argued that plaintiff hired an attorney prior to seeing the doctor. Plaintiff's explanation as to defense counsel's subsequent question did not bear directly on defendant's liability or wrongful conduct, but, as a collateral issue, simply explained the somewhat confusing answer solicited by the defense. We therefore find that plaintiff's examination should not have been excluded per Rule 411.

Concerning Rule 403, our review of the transcript reveals that the court did not consider or balance the risk of unfair prejudice to defendant's case with the above-noted probative value of plaintiff's explanation. Pursuant to a pre-trial motion, the court ruled there was to be no reference to insurance and reserved ruling on whether plaintiff's explanation was admissible. When the issue arose, the court allowed plaintiff to give *voir dire* testimony concerning her explanation but instructed her, without reconsidering its prior ruling, that any mention of insurance would result in a mistrial and even contempt of court.

Certainly, we recognize, as pointed out by defendant, that had plaintiff been allowed to explain why she hired an attorney, it may have had some prejudicial effect on defendant. However, this prejudice does not outweigh the probative value of plaintiff's testimony and the prejudice she suffered in not being allowed to explain her answer. This is true especially in light of the clear implication that plaintiff only visited her doctor after seeking an attorney's advice, the fact that the extent of plaintiff's injuries was a major issue at trial, and the apparent trial strategy by defendant to characterize plaintiff as blatantly seeking profit. In fact, we wholeheartedly agree with plaintiff: "Without [] being allowed to explain herself, the total weight of [defendant's] attack . . . fell on [plaintiff] and affected the verdict. The [trial court's] denying her explanation allowed the jury to assume the worst, that she had an improper motive in hiring an attorney, was litigious, and therefore lacked credibility."

Furthermore, in assessing the prejudice to defendant which may have resulted from plaintiff's testimony, we note the realities of what the jury already assumes about defendants in motor vehicle cases. The jurors, who more than likely drive automobiles, would also more than "likely [] know that in all probability there is insurance, that the matter has been investigated by the insurer's claim agent or attorney, and that insurer has employed the trial counsel." Broun, *supra* at 333. More importantly, having taken *voir dire* testimony of plaintiff's explanation, the court could have further limited any prejudice to defendant by restricting the import of plaintiff's testimony and giving a limiting instruction, if so requested. *See* N.C. Gen. Stat. § 8C-1, Rule 105 (1999) ("When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly."). Because none of the aforementioned was considered by the trial court, we find its decision to exclude plaintiff's explanation unsupported by reason. We therefore conclude that the trial court abused its discretion in failing to admit plaintiff's explanatory testimony, and considering the obvious prejudice suffered by plaintiff, the court's abuse of discretion constituted reversible error.

As we determine plaintiff is entitled to a new trial based on the aforementioned reasoning, we find it unnecessary to address plaintiff's remaining arguments. Accordingly, the judgment of the trial court is reversed, and we remand the case for a new trial.

Reversed and remanded.

Judges WYNN and HUDSON concur.