HUDSON, Judge.
On 7 October 2002 a jury awarded plaintiff $1,095 in this personal injury case. The case was tried before Judge Jonathan L. Jones, but before judgment was entered, Judge Jones's term expired and he left the bench. The judgment was entered on 10 February 2003 by Judge Gregory R. Hayes, who later issued an order denying plaintiff's motion for a new trial on 11 June 2003. Defendant appeals the judgment and the order and for the reasons below, we affirm.
The evidence tends to show that on 1 August 1998 plaintiff and defendant were involved in a car collision. Defendant rear-ended plaintiff and received the only citation issued by the investigating officer for failure to reduce speed. Plaintiff complained of injury at the scene and was evaluated at Catawba Memorial Hospital. Thereafter, plaintiff received treatment from a chiropractor and another doctor. After being released from treatment in November 1998, plaintiff returned to the doctor in March 1999, with complaints of neck and trapezius stiffness. Plaintiff missed work as a result. The jury awarded plaintiff $1,095 for personal injuries resulting from the accident.
Plaintiff first argues that she is entitled to a new trial on damages because of defense counsel's conduct during trial, and therefore, that the trial court erred in denying her Rule 59 motion. We disagree. A trial court's decision to grant or deny a motion for a new trial will be reversed on appeal only in those rare cases where abuse of discretion can be clearly shown. Anderson v. Hollifield, 345 N.C. 480, 483, 480 S.E.2d 661, 663 (1997). Generally, attorneys are given wide latitude in arguing their cases and supervising the conduct of counsel is left to the discretion of the trial court. Lamborn v. Hollingsworth, 195 N.C. 350, 353, 142 S.E. 19, 21 (1928). Thus, a reviewing court will only reverse the trial court's denial of a new trial on this basis where counsel's impropriety was gross and clearly calculated to prejudice the jury. Id. Only where "counsel grossly abuses his privilege, to the manifest prejudice of the opposite party" will a new trial be granted on appeal. State v. T.S. Davenport et al., 156 N.C. 481, 494, 72 S.E. 7, 14 (1911). A judge should intervene where counsel's comments may be causing prejudice to a party, and when the judge responds "fully and adequately" to the remarks of counsel, then such remarks are presumed to be harmless as, "[i]t must be assumed that the jurors were honest and intelligent enough to heed the warning of the court." Id. at 495, 72 S.E. at 14.
Plaintiff argues that the trial court here did not exercise its discretion in denying the motion for a new trial, and, thus, that its conclusions of law should be reviewed de novo. In Page v. Boyles, this Court held that where a judge failed to exercise discretion it its Rule 59 Order this Court may review the conclusions of law de novo. 139 N.C. App. 809, 812, 535 S.E.2d 561, 563 (2000). However, the order in this case is more detailed than that in Page and indicates that the trial court did exercise its discretion here.
In its order, the court states that it "reviewed and considered the pleadings, any documents supplied in support and opposition of said motion, the entire record of this matter, and []heard arguments of counsel." The order goes on to reflect, that "the undersigned [judge] is of the opinion" that the trial court judge "would have taken some action relating to the alleged conduct of Mr. Amin if he thought it was appropriate to do so." The court also states that "the court is of the opinion that the jury would have based its verdict upon the evidence presented and the law as given to them." The court then concludes that a jury's verdict should be left intact and that the plaintiff's motion should thus be denied. We conclude that the trial court did exercise its discretion here in denying plaintiff's motion for a new trial.
Plaintiff next asserts that throughout the trial, defense counsel made inflammatory comments and insinuations that impugned the character and veracity of plaintiff's counsel, plaintiff, and plaintiff's witnesses. Plaintiff contends that these statements were so prejudicial that the harm done could not be overcome and that the trial could not have been fair. We disagree. Upon review of the record as a whole, as well as plaintiff's specific complaints of prejudice, we conclude that the trial court did not abuse its discretion in denying plaintiff's motion for a new trial.
First, plaintiff complains about defense counsel's opening statement, which included his remark that, "you're going to have to decide whether the treatment that [plaintiff] received from the chiropractor was legitimate." Plaintiff did not object and cites no authority pertaining to this comment. Where there is no objection, we consider whether statements during trial were so grossly improper that the trial court abused its discretion in failing to intervene ex mero motu. State v. Larrimore, 340 N.C. 119, 158, 456 S.E.2d 789, 810 (1995). Here, we do not believe defense counsel's statement constitutes gross impropriety, and thus the trial court did not abuse its discretion in failing to intervene.
Plaintiff bases his argument on several additional comments of defense counsel during the presentation of evidence. The first instance involved defense counsel's questioning of plaintiff on cross-examination. At one point, defense counsel said, "You understand that - that you're here in a court of law testifying under oath?" The court interjected an instruction to defense counsel not to make this comment again. We conclude that this comment, although improper, does not reach the level of gross impropriety, and no relief is warranted since the court admonished defense counsel.
Plaintiff next complains of a comment made by defense counsel during an exchange with plaintiff's counsel. During cross-examination of the plaintiff, defense counsel asked about the value of the vehicle's damage and plaintiff's attorney said, "Well, I - we might be getting in an area that -" At this point, defense counsel asked, "Well, does Mr. Burch [plaintiff's counsel] want to lodge an objection?" Plaintiff's counsel objected and was overruled. Plaintiff argues that the implication of counsel's statement is that a party who objects is hiding the truth. However, plaintiff has not explained how this exchange prejudiced the jury against her. This argument lacks merit.
Next, plaintiff centers on defense counsel's questioning about when plaintiff hired her attorney. Plaintiff's counsel objected to this question and the court sustained the objection. This Court has held that questions regarding when a plaintiff hired counsel are proper where there are issues concerning the severity of plaintiff's injury, exaggeration, or for impeachment. Williams v. McCoy, 145 N.C. App. 111, 114-16, 550 S.E.2d 796, 799-800 (2001). Moreover, here, the court sustained plaintiff's objection and the answer did not come in. Plaintiff also suggests that defense counsel's question about a witness's testimony in an unrelated trial earlier in the week deprived her of a fair trial. During cross-examination of plaintiff's expert, Dr. Hilton, defense counsel asked for Dr. Hilton's opinion of plaintiff's chiropractor, Dr. Shook, and stated, "Dr. Shook said yesterday as an expert testi ___" Plaintiff's counsel objected and the court sustained the objection and instructed defense counsel not to mention Dr. Shook's name in the context of anything that had happened at a prior trial. Again, the court controlled the questioning and plaintiff has not explained how this exchange prejudiced her.
Plaintiff also asserts that defense counsel argued with the court's rulings regarding objections during the evidentiary phase of the trial. While this is true, the court addressed the problem and admonished defense counsel. Again, we fail to see how this prejudiced plaintiff and we conclude that it does not constitute gross impropriety by defense counsel.
Plaintiff additionally contends that defense counsel's closing argument to the jury, wherein he accused plaintiff's attorney of having an agenda of obtaining money, was improper and undermined any possibility of a fair trial, thus entitling her to a new trial. During closing, defense counsel stated:
[A]t the point in time that she [plaintiff] went to her attorney, her claim was worth anywhere from $875 to approximately eighteen, nineteen hundred, but that's when things got sourer and the claim that was worth $875 to $2,000 turned into a claim worth $8,878. . . . [T]hings got sour when Ms. Heavner, with honest intentions, went to a lawyer, but what - what you have to ask yourself is do you want to reward this kind of behavior 'cause she couldn't have done it without his help and he couldn't have done it without her help . . . . [Y]ou can see what happens when you get somebody like Mr. Burch [plaintiff's counsel] involved in this . . . .
Plaintiff's counsel objected to defense counsel's inference that plaintiff and her attorney were conspiring to fraudulently elevate the amount of plaintiff's claim and the court sustained this objection. Likewise, when plaintiff's counsel objected to the statement that "this is what happens when you get somebody like Mr. Burch involved," the court sustained the objection, instructed defense counsel not to make such statements, and then told the jury: "[T]he attorneys, both of them, have injected their personal feelings in this case, neither one of which are relevant. You must base your decision totally upon the evidence presented in the case." Later in the closing, when defense counsel again insinuated that plaintiff's counsel was dishonest, the court told the jury:
[T]he arguments of the attorney with regard to personal attacks on the other attorney are improper. You should not consider those remarks. You should not consider anything the attorney has said regarding his attacks on opposing counsel, nor should you consider his theory that there's some kind of conspiracy between the attorney and the plaintiff in this case. There's no evidence of that and I instruct you not to consider those remarks.
Plaintiff cites Corwin v. Dickey, for support of her proposition that statements that plaintiff or plaintiff's counsel are motivated by greed or profit are prohibited and entitle her to a new trial. 91 N.C. App. 725, 373 S.E.2d 149 (1988). However, the circumstances of Corwin were far more extreme than what occurred here. In Corwin, defense counsel, during closing, said: "Any money that you will award will go to the lawyers; this is a lawyers case, money, money, money! The lawyers brought this case,it is for their benefit. All I see is their financial benefit." Id. at 728, 373 S.E.2d at 151. He then went on to say, "Is it Christian to sue for money? . . . It is as unchristian as Jim and Tammy Bakker" and pointed to the 10 commandments and said, "Suits like this should not be brought." Id. Finally, he said that "there will be a reckoning on Judgment Day for persons who are greedy and how will these people defend this." Id. The Court concluded that even though the trial court sustained objections to these statements, the impropriety was gross enough to justify reversing the trial court's denial of a motion for a new trial. Id. at 729, 373 S.E.2d at 151. In reaching this decision, the Court emphasized the interjection of religious values in defense counsel's attack on plaintiff. Id. Furthermore, the Court noted that the trial court merely sustained the objections, where it "should have also directed defense counsel to refrain from such statements and clearly admonished the jury to totally disregard them in reaching its decision." Id.
In the present case, although we do not approve of defense counsel's statements, we conclude that they were not nearly as extreme or prejudicial as those in Corwin. Moreover, the trial court here, unlike that in Corwin, not only sustained objections to defense counsel's inflammatory statements, but also admonished him not to make such statements and, twice during the defense's closing argument, told the jury to disregard the improper comments and inferences made by defense counsel. As mentioned earlier, where such curative instructions are issued, counsel's remarks are presumed to be harmless as, "[i]t must be assumed that the jurors were honest and intelligent enough to heed the warning of the court." Davenport, supra, 156 N.C. at 495, 72 S.E. at 14 (1911).
In keeping with the strict abuse-of-discretion standard, our reviewing courts are reluctant to overturn a trial court's decision not to grant a new trial based on counsel misconduct. For instance, in State v. Larrimore, statements that defense counsel "cast up" "smoke . . . smog . . . dust . . . and dirt" because he did not want the jury to see the truth were held to not be grossly improper. 340 N.C. at 158-59, 456 S.E.2d at 810 (1995). Plaintiff cites numerous cases from other jurisdictions in support of her claim that she is entitled to a new trial. However, as our Courts have spoken to this issue sufficiently, we decline to follow the precedent of other jurisdictions. Accordingly, we hold that the trial court here did not abuse its discretion in denying plaintiff's motion for a new trial.
Plaintiff's second argument in her brief states that the "district court committed reversible error in denying the plaintiff's motion for a new trial." Plaintiff's argument, in support of which she cites no pertinent authority, appears to be that as a matter of policy this Court should reject the abuse-of-discretion standard and adopt a de novo review. This argument has no merit.
Affirmed.
Chief Judge MARTIN and Judge TIMMONS-GOODSON concur.
Report per Rule 30(e).