BIAS M. EDGE, JR. AND WIFE SANDRA EDGE v. METROPOLITAN LIFE INSURANCE COMPANY, JOAN W. MERCER, HAL STOCKTON, AND FRANK TOWNSEND

No. 8512SC369

(Filed 31 December 1985)

**Rules of Civil Procedure § 59— new trial ordered—specific findings not required**

A discretionary new trial order is not reviewable on appeal in the absence of manifest abuse of discretion, and a trial judge is not required to make specific findings as to the factors causing him to order a new trial.

APPEAL by defendant Metropolitan Life Insurance Company from *Johnson (E. Lynn), Judge.* Order entered 15 November 1984 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 28 October 1985.

Defendant appeals an order granting a new trial.

*Emanuel and Emanuel, by Robert L. Emanuel; Rudolph G. Singleton; and William J. Toppeta, by Mary Currie, for defendant-appellant.*

*Anderson, Broadfoot, Anderson, Johnson & Anderson, by Henry L. Anderson, Jr., for plaintiff-appellees.*

EAGLES, Judge.

The dispositive question before this court on this appeal is whether the trial judge abused his discretion in ordering a new trial. We hold that he did not, that the various other issues argued by the parties are not before us, and dismiss the appeal.

The facts giving rise to the present appeal are, briefly summarized, as follows: plaintiff Sandra Edge had a miscarriage in 1977 and thereafter consulted a physician in an effort to determine why, despite their continuing efforts, she and her husband, plaintiff Bias Edge, did not conceive a third child. In May 1980, the Edges contacted defendant Metropolitan Life through its agents, the individual defendants, to obtain health insurance. The Edges filled out an application, which included a question whether any family members suffered from diseases or abnormal physical conditions; they mentioned only their daughter's ear problems. In July and August 1980 Sandra Edge underwent further fertility tests. A completed policy, excluding coverage for undisclosed pre-existing conditions, was issued by Metropolitan in September 1980. In October 1980, Sandra Edge underwent further tests which revealed scarring and inflammation around her ovaries. Metropolitan denied coverage for this test, which cost $1,055, on the grounds that Sandra Edge's infertility was an excluded pre-existing disease or abnormal condition undisclosed by plaintiffs. After some inconclusive correspondence between the parties, plaintiffs filed this action in June 1981. As amended, the complaint asked for damages exceeding $2,000,000. The claims involved breach of contract, bad faith denial of coverage, punitive damages and deceptive trade practices. The jury returned a verdict for the amount originally billed, plus $10,000 damages arising from Metropolitan's bad faith in denying the claim. Plaintiffs immediately moved for a new trial under G.S. 1A-1, R. Civ. P. 59(a). The trial judge granted the motion "in the Court's discretion," and defendant Metropolitan appealed.

The parties do not directly address the issue, but we first must determine whether the appeal is properly before us. *In re Watson*, 70 N.C. App. 120, 318 S.E. 2d 544 (1984), *disc. rev. denied*, 313 N.C. 330, 327 S.E. 2d 900 (1985). G.S. 1-277(a) provides for appeals from grants of new trial: "An appeal may be taken from every judicial order . . . upon or involving a matter of law or

legal inference, . . . which . . . grants or refuses a new trial." The language cited has long been part of the law governing appeals in this state. *See* Public Statutes, Code of Civil Procedure Section 299 (Battle Rev. 1873). It has been consistently held under this language that a discretionary new trial order, as opposed to an order granting a new trial as a matter of law, is not reviewable on appeal in the absence of manifest abuse, and that those appeals should be dismissed. *Goldston v. Chambers*, 272 N.C. 53, 157 S.E. 2d 676 (1967); *Scott v. Trogdon*, 268 N.C. 574, 151 S.E. 2d 18 (1966); *Bird v. Bradburn*, 131 N.C. 488, 42 S.E. 936 (1902). The Supreme Court recently considered at length the application of the established law regarding the scope of review of discretionary new trial orders, and the possible effect of the new Rules of Civil Procedure. *Worthington v. Bynum*, 305 N.C. 478, 290 S.E. 2d 599 (1982). The *Worthington* court did not address the appealability issue and did not change the scope of review. "[A]n appellate court should not disturb a discretionary Rule 59 order unless it is reasonably convinced by the cold record that the trial judge's ruling probably amounted to a substantial miscarriage of justice." *Id.* at 487, 290 S.E. 2d at 605.

Applying this standard, we are not convinced that a substantial miscarriage of justice or manifest abuse of discretion occurred. It does not appear that defendant has suffered any undue oppression. The trial was long, complex and full of opportunities for error. In light of this complexity, it is unclear precisely what reasons might have motivated the trial judge to order a new trial. The reasons that might motivate a judge to order a new trial are discussed at length in *Worthington v. Bynum, supra,* and *Bird v. Bradburn, supra.*

Defendant argues that the court erred in failing to make specific findings as to the factors causing him to order a new trial. Defendant failed to request any findings, however, and none were required under the Rules of Civil Procedure. G.S. 1A-1, R. Civ. P. 59(a); R. Civ. P. 52(a)(2). R. Civ. P. 59(d), requiring a statement of reasons, applies only to cases in which the trial court orders a new trial on its own motion. While it has been suggested that discretionary new trial orders should include reasons as a matter of course, *see Worthington v. Bynum, supra* (Carlton, J., concurring), the law does not require them in the absence of a

specific request. Accordingly, we conclude that there was no abuse of discretion and the appeal should be dismissed.

Appeal dismissed.

Chief Judge HEDRICK and Judge MARTIN concur.