Smith v. Williams

EARL SMITH v. DAVID WILLIAMS, TONY WILLIAMS AND ELMORE JOHN-
SON

No. 8625DC372

(Filed 2 September 1986)

**Rules of Civil Procedure § 41.1— voluntary dismissal—counterclaim pending—defendant not consenting to dismissal—without prejudice**

An order dismissing a refiled action was vacated where the order granting the voluntary dismissal without the consent of the counterclaiming defendant was based on N.C.G.S. § 1A-1, Rule 41(a)(2), under which the consent of a counterclaiming defendant is not required for a dismissal to be without prejudice.

APPEAL by plaintiff from *Vernon, Judge.* Judgment entered 12 August 1985 in District Court, BURKE County. Heard in the Court of Appeals 29 August 1986.

Plaintiff filed a complaint on or about 26 May 1983 seeking recovery of money allegedly owed him by defendants for goods sold and delivered. Defendants answered, alleging on slightly different facts that they had satisfied the claimed debt.

Defendants also counterclaimed for an overpayment. Plaintiff denied the counterclaim.

The matter was called for trial on 10 December 1984, and the court entered an order on 3 January 1985 which provides in pertinent part:

At 2: o'clock plaintiff was not present with his witness and his attorney was informed that he would be called out and the matter dismissed, whereupon attorney for plaintiff announced in open court that he would take a voluntary dismissal pursuant to G.S. 1A1[,] Rule 41(a)(2).

IT IS THEREUPON ORDERED AND ADJUDGED that the order of dismissal be and is hereby entered in this matter without prejudice to the plaintiff.

This 3 day of January 1985.

s/DANIEL R. GREEN, JR.
Judge Presiding

On 19 April 1985 plaintiff refiled his claim and moved that it be tried separately from defendants' counterclaim, which was still pending. Defendants moved to dismiss on the grounds that plaintiff was not entitled to refile his claim because defendants had not consented to the earlier dismissal and the dismissal was therefore with prejudice, contrary language in the order notwithstanding. Judge Vernon granted the defendants' motion, and plaintiff appealed.

*Wheeler Dale for plaintiff appellant.*

*McMurray & McMurray, by John H. McMurray, for defendant appellees.*

WHICHARD, Judge.

Both parties' arguments proceed on the assumption that the 3 January 1985 voluntary dismissal without prejudice to plaintiff was entered pursuant to G.S. 1A-1, Rule 41(a)(1). The same assumption was apparently made in defendant's motion to dismiss and is also apparently the basis for Judge Vernon's order allowing the motion.

The language of Judge Green's 3 January 1985 order allowing the voluntary dismissal without prejudice clearly indicates, however, that plaintiff sought the dismissal pursuant to G.S. 1A-1, Rule 41(a)(2), and there is no indication that the dismissal was entered under another provision. While it may in fact have been entered under another provision, we are bound by the record on appeal.

G.S. 1A-1, Rule 41(a)(2) allows a plaintiff to request that dismissal be entered "upon order of the judge and upon such terms and conditions as justice requires." Dismissals entered pursuant to this provision are within the discretion of the trial court which may, in the further exercise of its discretion, dismiss with or

without prejudice. *See King v. Lee,* 279 N.C. 100, 106, 181 S.E. 2d 400, 404 (1978); *Lewis v. Piggott,* 16 N.C. App. 395, 397-98, 192 S.E. 2d 128, 131 (1972). Contrary to the practice under North Carolina Rule 41(a)(1), *see McCarley v. McCarley,* 289 N.C. 109, 111-15, 221 S.E. 2d 490, 493-94 (1976), and contrary to the language and practice under Federal Rule 41(a)(2), *see* Moore's Federal Practice Par. 41.09 (2d ed. 1985), the consent of a counterclaiming defendant is not required for dismissals entered pursuant to North Carolina Rule 41(a)(2) to be without prejudice.

It thus appears that the order dismissing this claim without prejudice was properly entered and that the 12 August 1985 order dismissing plaintiff's refiled action was based on a misunderstanding of the law or of the language of the earlier order. The 12 August 1985 order is accordingly vacated, and the cause is remanded for further proceedings consistent with this opinion.

Vacated and remanded.

Judges WELLS and MARTIN concur.