CINDY LOU STRICKLAND, ADMINISTRATRIX OF THE ESTATE OF LARRY CHRISTOPHER LOCKLEAR, DECEASED v. TERESSA DEAL JACOBS AND MARTHA IVEY DEAL

No. 8716SC441

(Filed 5 January 1988)

1. **Rules of Civil Procedure § 52.1— new trial granted—motion for supporting findings not timely**

In a negligence action arising from an automobile accident in which the trial court granted plaintiff's motion for a new trial following a jury verdict for

defendant, the trial court did not err by failing to make findings of fact of the grounds upon which it granted the new trial where defendant failed to make a timely request for findings. A request for the trial court to amend its order to include specific findings of fact after the order has already been issued is not a timely request for findings and is within the trial court's discretion. N.C.G.S. § 1A-1, Rules 52(a)(2) and 59(e).

**2. Rules of Civil Procedure § 59— denial of motion for new trial—no findings of facts—no abuse of discretion**

The trial court in an automobile negligence case did not abuse its discretion by granting plaintiff's motion for a new trial without findings of fact where plaintiff's motion stated several grounds upon which the trial court could have granted a new trial and the record indicates the defendant cried during much of the trial and that the trial judge was concerned about the prejudicial effect on the proceedings.

APPEAL by defendants from *Bowen, Judge.* Order entered 20 November 1986 in Superior Court, ROBESON County. Heard in the Court of Appeals 29 October 1987.

This is a negligence action arising out of an automobile accident. On 30 January 1985, defendant, Teressa Jacobs, was driving near an elementary school on a four lane road in Lumberton. A group of children were gathered near the road just past the school grounds. As she neared them, one of the group, Larry Christopher Locklear, a six-year-old boy, was either pushed or chased into the street. Defendant's vehicle struck and killed him.

On 27 August 1985, plaintiff, as administratrix of Larry Christopher Locklear's estate, brought this action against Ms. Jacobs and Martha Deal, the vehicle's owner. The complaint alleged negligence by Ms. Jacobs and sought to recover over $117,000 in damages. Defendants answered, denying negligence. Ms. Deal was later dismissed as a party defendant. At trial, the jury returned a verdict for defendant. Plaintiff moved pursuant to G.S. 1A-1, Rule 59(a), listing several grounds for a new trial. The trial court granted the motion.

Subsequent to the order granting a new trial, defendant moved, pursuant to G.S. 1A-1, Rule 59(e), to amend the order to include specific findings of fact. The trial court denied defendant's motion to amend. Defendant appeals.

*Musselwhite, Musselwhite & McIntyre, by W. Edward Mus-selwhite, Jr., and McLean, Stacy, Henry & McLean by H. E. Stacy, Jr., for the plaintiff-appellee.*

*Murray, Regan & Regan, by Cabell J. Regan, and Maupin, Taylor, Ellis & Adams, by John C. Millberg, for the defendant-appellant.*

EAGLES, Judge.

**[1]** Defendant first argues that the trial court erred in failing to grant her motion to amend the order for a new trial. She contends that Rule 52(a)(2) of our Rules of Civil Procedure and *Andrews v. Peters*, 318 N.C. 133, 347 S.E. 2d 409 (1986), required the trial court to make findings of fact showing the grounds upon which it granted the new trial. We disagree. In ruling on a motion for a new trial under Rule 59(a), absent a specific request made pursuant to Rule 52(a)(2), a trial court is not required to either state the reasons for its decision or make findings of fact showing those reasons. *Edge v. Metropolitan Life Ins. Co.*, 78 N.C. App. 624, 337 S.E. 2d 672 (1985); cf., G.S. 1A-1, Rule 50(c) and G.S. 1A-1, Rule 59(d). In *Andrews v. Peters, supra*, our Supreme Court held that, when requested, the trial court must make findings of fact and conclusions of law sufficiently specific to allow for meaningful appellate review, even on rulings resting in the trial court's discretion. Here, however, defendant failed to make a timely request for findings.

A Rule 59(e) motion to amend the trial court's judgment or order is, of course, made subsequent to the judgment and is, itself, a matter within the trial court's discretion. *See Hamlin v. Austin*, 49 N.C. App. 196, 270 S.E. 2d 558 (1980). A request for the trial court to amend its order to include specific findings of fact *after* the order has already been issued is not a timely request for findings under Rule 52(a)(2). *See* 76 Am. Jur. 2d, "Trial," section 1255 (1975). Denying defendant's motion to amend the order to include what defendant properly could have requested prior to its issuance was not an abuse of the trial court's discretion.

**[2]** Defendant next contends the trial court erred in granting a new trial. When the trial court grants or denies a motion for a new trial without making findings of fact, our review is limited to determining whether the record indicates that the ruling amounts

to a manifest abuse of discretion. *Worthington v. Bynum and Cogdell v. Bynum*, 305 N.C. 478, 290 S.E. 2d 599 (1982). We find no abuse of discretion. Plaintiff's motion stated several grounds upon which the trial court, in the exercise of its discretion, could have granted a new trial. In addition, the record indicates the defendant cried during much of the trial and that the trial judge was concerned about its prejudicial effect on the proceedings.

Affirmed.

Judges MARTIN and PARKER concur.

Judge MARTIN concurred in this opinion prior to 31 December 1987.