PAGE v. BOYLES

[139 N.C. App. 809 (2000)]

KEITH PAGE, Plaintiff v. GRADY BOYLES, Defendant

No. COA99-986

(Filed 29 August 2000)

**Trials— motion for new trial on damages—no finding of passion or prejudice**

The trial court erred in an action arising from a boating accident by granting plaintiff's motion for a new trial on the issue of personal injury damages under N.C.G.S. § 1A-1, Rule 59(a)(6) where the court did not make the necessary finding that the damages had been awarded under the influence of passion or prejudice and found that defendant had not offered evidence to refute the causal connection between the accident and the injury even though the burden was on plaintiff. Finally, there is no indication here that the order was entered in the court's discretion, so that the deference traditionally paid to discretionary rulings does not apply.

Judge HUNTER dissenting.

Appeal by defendant from order entered 20 January 1999 by Judge G. K. Butterfield in Wilson County Superior Court. Heard in the Court of Appeals 6 June 2000.

*Anderson Law Firm, by Michael J. Anderson, for plaintiff appellee.*

*Baker, Jenkins, Jones & Daly, P.A., by Roger A. Askew and Kevin N. Lewis, for defendant appellant.*

HORTON, Judge.

Keith Page (plaintiff) brought this action to recover for personal injuries and property damage he sustained in a collision between his boat and a boat operated by the defendant, Grady Boyles. A jury found that defendant was negligent, plaintiff was contributorily negligent, and found that defendant had the last clear chance to avoid the accident. The jury awarded $1,650.00 to plaintiff for personal injury, $350.00 for property damage, and found in answer to a separate issue that plaintiff was not entitled to any recovery for permanent injury. Plaintiff moved for a new trial pursuant to N.C. Gen. Stat. § 1A-1, Rule 59(a)(6), contending that the damages awarded were "calculated under the influence of passion or prejudice and [were] clearly inade-

quate." Plaintiff alleged that he had presented evidence of medical specials in the amount of about $4,500.00, lost wages of about $2,000.00, as well as past and future pain and suffering. Plaintiff further alleged that he presented evidence at trial of property damage in the amount of $6,907.00.

After hearing the motion for a new trial, the trial court entered the following order:

Plaintiff's Motion for a new trial on damages for personal injury having been heard and the Court having found that, among other things, Plaintiff introduced evidence of significant special and general damages, and, that, Defendant did not offer sufficient evidence to refute the causal connection between the accident and injury sustained and, that, the jury returned an Award of significantly less than the amount of special damages; the Court finds that said amount is inadequate to compensate Plaintiff ~~and appears to have been awarded under passion or prejudice~~ and, therefore;

Plaintiff's Motion for a New Trial on personal injury damages is hereby ALLOWED.

The Court having found damages for property damage were not inadequate, Plaintiff's Motion for a New Trial pertaining to property damage is DENIED.

The trial court struck the portion of the proposed order which read "and appears to have been awarded under passion or prejudice," initialed the amendment, then dated and signed the order.

Defendant contends that the trial court erred in awarding plaintiff a new trial on the issue of damages for personal injury, and we agree. Rule 59 of our Rules of Civil Procedure provides in pertinent part that "[a] new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes or grounds: . . . (6) Excessive or inadequate damages *appearing to have been given under the influence of passion or prejudice*[.]" N.C. Gen. Stat. § 1A-1, Rule 59(a)(6) (1999) (emphasis added). Although the trial court made the necessary finding that the damages awarded were inadequate, it failed to make the necessary additional finding that damages were awarded "under the influence of passion or prejudice," and specifically deleted that finding from its order.

The trial court also found that the *defendant* did not offer evidence to "refute the causal connection between the accident and the

injury sustained[.]" The burden is, however, on *plaintiff* to prove, if he can, the connection between the boating accident, his alleged injuries, and his special damages. Here, the trial court properly charged the jury that

> the plaintiff may also be entitled to recover actual damages. On this issue *the burden of proof is on the plaintiff.* This means *he* must prove by the greater weight of the evidence the amount of actual damages proximately caused by the negligence of the defendant.

(Emphases added.) Thus, the *jury* must decide whether plaintiff has met his burden as to damages and is not required to accept all of plaintiff's allegations as to the nature and extent of his injuries. Otherwise, the issue of special or actual damages would be a matter of law for the court and there would be no need to submit the issue to the jury. We also note that the jury in this case specifically rejected plaintiff's claim that he suffered permanent injury in the boating accident. Further, although plaintiff alleged that he sustained property damage of more than $6,900.00, the trial court declined to set aside the jury verdict of only $350.00 for property damage, and found that the damages awarded by the jury for property damage were not inadequate.

We are aware of the deference traditionally paid to the discretionary rulings of our trial courts. In *Worthington v. Bynum and Cogdell v. Bynum,* 305 N.C. 478, 290 S.E.2d 599 (1982), relied upon in the dissent, our Supreme Court made it clear that the enactment of the Rules of Civil Procedure "did not diminish the inherent and traditional authority of the trial judges of our state to set aside the verdict whenever in their sound discretion they believe it necessary to attain justice . . . ." *Id.* at 482, 290 S.E.2d at 602. Following a jury verdict, the defendant in *Worthington* moved for a new trial pursuant to the provisions of sections 5, 6, and 7 of Rule 59 of our Rules of Civil Procedure. The trial court allowed the defendant's motion in *Worthington* and entered a written order which provided in part that:

> It being made to appear to the Court and the Court in *its considered discretion* being of the opinion that the Motion filed by the defendant in each case under Rule 59 of the North Carolina Rules of Civil Procedure should be allowed and granted[.]

*Id.* at 480, 290 S.E.2d at 601. In affirming the trial court's order in *Worthington,* our Supreme Court emphasized that the trial court's

order "after *reciting* defendant's grounds for the motion, stated that the court was awarding a new trial as a matter of 'its considered discretion' (and thus not as a matter of law). This fact is significant for it controls the scope of our review of [the trial court's] action." *Id.* at 481, 290 S.E.2d at 602. Here, there is no indication that the trial court's order was entered in its discretion. Thus, the reasoning of *Worthington* does not apply in the case now before us, nor does it control our decision.

In light of our decision to reverse the order of the trial court, we do not reach the difficult question whether the trial court erred in awarding a new trial only on the damages issue, rather than on all issues. See *Robertson v. Stanley*, 285 N.C. 561, 206 S.E.2d 190 (1974) (where the liability and damages issues were "inextricably interwoven," the trial court erred in awarding a new trial on damages alone as a new trial on all issues was necessary).

As it appears from this record that the trial court erred in awarding a new trial on the issue of plaintiff's damages for personal injury, this order of the trial court is reversed, and this case is remanded to the Superior Court of Wilson County for entry of a judgment based on the verdict rendered by the jury.

Reversed and remanded.

Judge GREENE concurs.

Judge HUNTER dissents.

Judge HUNTER dissenting.

I respectfully dissent from the majority opinion.

It is well established that a ruling in the discretion of the trial judge raises no question of law. *Britt v. Allen*, 291 N.C. 630, 231 S.E.2d 607 (1977). The order of the trial court to grant a new trial pursuant to Rule 59 of the North Carolina Rules of Civil Procedure is a discretionary order.

> It has been long settled in our jurisdiction that an appellate court's review of a trial judge's discretionary ruling either granting or denying a motion to set aside a verdict and order a new trial is strictly limited to the determination of whether the record affirmatively demonstrates a manifest abuse of discretion by the

judge. *Goldston v. Chambers*, 272 N.C. 53, 59, 157 S.E.2d 676, 680 (1967); *see e.g., Bryant v. Russell*, 266 N.C. 629, 146 S.E.2d 813 (1966); *Robinson v. Taylor*, 257 N.C. 668, 127 S.E.2d 243 (1962); *Dixon v. Young*, 255 N.C. 578, 122 S.E.2d 202 (1961); *Caulder v. Gresham*, 224 N.C. 402, 30 S.E.2d 312 (1944). The legislative enactment of the Rules of Civil Procedure in 1967 did not diminish the inherent and traditional authority of the trial judges of our state to set aside the verdict whenever in their sound discretion they believe it necessary to attain justice for all concerned, and the adoption of those Rules did not enlarge the scope of appellate review of a trial judge's exercise of that power. *Britt v. Allen*, 291 N.C. 630, 634-35, 231 S.E.2d 607, 611-12 (1977), *see also Insurance Co. v. Chantos*, 298 N.C. 246, 253, 258 S.E.2d 334, 338-39 (1979) (Huskins, J., dissenting). . . .

*Worthington v. Bynum and Cogdell v. Bynum*, 305 N.C. 478, 482, 290 S.E.2d 599, 602 (1982). "[A]n appellate court should not disturb a discretionary Rule 59 order unless it is reasonably convinced by the cold record that the trial judge's ruling probably amounted to a substantial miscarriage of justice." *Id.* at 487, 290 S.E.2d at 605. My review does not indicate that the trial court in the present case abused its discretion, resulting in a substantial miscarriage of justice. Thus, I would affirm the order of the trial court wherein it granted plaintiff a new trial.

Rule 59 of the North Carolina Rules of Civil Procedure provides in pertinent part:

(a) *Grounds.*—A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes or grounds:

(1) Any irregularity by which any party was prevented from having a fair trial;

(2) Misconduct of the jury or prevailing party;

(3) Accident or surprise which ordinary prudence could not have guarded against;

(4) Newly discovered evidence material for the party making the motion which he could not, with reasonable diligence, have discovered and produced at the trial;

(5) Manifest disregard by the jury of the instructions of the court;

(6) Excessive or inadequate damages appearing to have been given under the influence of passion or prejudice;

(7) Insufficiency of the evidence to justify the verdict or that the verdict is contrary to law;

(8) Error in law occurring at the trial and objected to by the party making the motion, or

(9) Any other reason heretofore recognized as grounds for new trial.

N.C. Gen. Stat. § 1A-1, Rule 59 (1999). A plain reading of the subject order indicates that although plaintiff based his motion on Rule 59(6), inadequate damages, the trial court granted a new trial under Rule 59(7), insufficiency of evidence to justify the verdict.

Plaintiff in the present case had pled and therefore had the burden of proving his personal injury damages, which must be proved to a reasonable certainty. While absolute certainty is not required, evidence of damages must be adequately specific and complete to permit the jury to arrive at a reasonable conclusion. *Weyerhaeuser Co. v. Supply Co.*, 292 N.C. 557, 234 S.E.2d 605 (1977). The order of the trial court in the present case provides, in pertinent part:

Plaintiff introduced evidence of significant special and general damages, and, that, Defendant did not offer sufficient evidence to refute the causal connection between the accident and the injury sustained and, that, the jury returned an Award of significantly less than the amount of special damages; the Court finds that said amount is inadequate to compensate Plaintiff and appears to have been awarded under passion or prejudice . . . .

Thus, it is clear that the trial court reasoned that plaintiff had proven special damages to a reasonable certainty, and that because defendant's evidence was insufficient to rebut plaintiff's proof, the evidence did not justify the verdict rendered as to plaintiff's special damages. While the trial court did not specifically state that its reasons for granting a new trial fell under Rule 59(7), its reasoning clearly falls under the ambit of this rule. Accordingly, the deletion of the words "and appears to have been awarded under passion or prejudice" in the order had no effect since the trial court did not grant a new trial under Rule 59(6).

The majority opinion correctly points out that the jury is not required to accept all of plaintiff's allegations as to the nature and

extent of his injuries; however, in its discretion, the trial court in the case at bar found that plaintiff had proven special damages to a reasonable certainty and defendant's evidence was insufficient to rebut that proof. Unlike the majority, I do not believe that the jury's verdict that plaintiff's property damages were significantly less than those pled by plaintiff indicates that his special damages were less than those pled and proven at trial. Property damages and special damages are distinct and separate from each other, and may be dissimilar in degree and severity.

I note that absent a specific request by the opposing party, the trial court is not required to either state the reasons for its decision to grant a new trial, or make findings of fact showing those reasons. *Strickland v. Jacobs*, 88 N.C. App. 397, 363 S.E.2d 229 (1988); *Edge v. Metropolitan Life Ins. Co.*, 78 N.C. App. 624, 337 S.E.2d 672 (1985). Since the record does not reveal that defendant made a request in the present case, the trial court was not required to give any reason for granting the new trial. As previously stated, a ruling in the discretion of the trial judge raises no question of law. *Britt*, 291 N.C. 630, 231 S.E.2d 607. Furthermore, our Supreme Court has recognized the trial court's superior position in making discretionary rulings regarding the grant of a new trial:

> [T]he trial judges of this state have traditionally exercised their discretionary power to grant a new trial in civil cases quite sparingly in proper deference to the finality and sanctity of the jury's findings. We believe that our appellate courts should place great faith and confidence in the ability of our trial judges to make the right decision, fairly and without partiality, regarding the necessity of a new trial. Due to their active participation in the trial, their first-hand acquaintance with the evidence presented, their observances of the parties, the witnesses, the jurors and the attorneys involved, and their knowledge of various other attendant circumstances, presiding judges have the superior advantage in best determining what justice requires in a certain case. Because of this, we find much wisdom in the remark made many years ago by Justice Livingston of the United States Supreme Court that "there would be more danger of injury in revising matters of this kind than what might result now and then from an arbitrary or improper exercise of this discretion." *Insurance Co. v. Hodgson*, 10 U.S. (6 Cranch) 206, 218 (1810). . . .

*Worthington*, 305 N.C. at 487, 290 S.E.2d at 605. Based on the foregoing, it is my opinion that the trial court in the present case, while not

required to state its reasons, did not abuse its discretion in granting a new trial for the reasons articulated. My review of the record does not indicate that the trial court's action resulted in a miscarriage of justice. Accordingly, I would affirm the order of the trial court.