DR. GENE COUCH, JR., Plaintiff v. DAVID E. BRADLEY, Defendant

No. COA06-285

(Filed 17 October 2006)

**1. Trials— specific findings—not made in the absence of specific request**

    A colloquy between counsel and the judge did not amount to a request for specific findings, and the trial court did not err by not making those findings.

**2. Libel and Slander— consent judgment—presumption of communication—findings not requested**

    Defendant's contention that the court erred by granting a motion to enforce a consent judgment in a libel case on nonexis-

tent facts was without merit because defendant did not request specific findings; it is presumed that the trial court found facts from the evidence to support its conclusions. There was sufficient evidence to support the court's conclusions in that defendant did not rebut the presumption of communication contained in the express terms of the judgment.

Appeal by defendant from order entered 10 October 2005 by Judge Charles P. Ginn in Jackson County Superior Court. Heard in the Court of Appeals 20 September 2006.

*Eric Ridenour, for plaintiff-appellee.*

*Karla M. Wood, for defendant-appellant.*

TYSON, Judge.

David E. Bradley ("defendant") appeals from order entered enforcing and awarding damages for violation of a consent judgment entered on 3 November 2004. We affirm.

## I. Background

During February 2000, Dr. Gene Couch, Jr. ("plaintiff") and defendant were employed by Southwestern Community College. Plaintiff served as Vice President and defendant was an Instructor in Health and Physical Education and Building Construction. In February 2000, defendant resigned from his position. After defendant resigned, he allegedly disseminated two separate memoranda throughout campus which alleged plaintiff had used cocaine and had engaged in an affair with a former Southwestern Community College employee. On 20 September 2000, plaintiff sent defendant a cease and desist letter. Defendant continued his libelous actions against plaintiff.

On 3 March 2004, plaintiff filed a complaint against defendant for libel and sought an injunction. On 3 November 2004, plaintiff and defendant entered into a consent and forbearance agreement ("the consent judgment"). The consent judgment stated:

1) Plaintiff agrees to take no collection or other adverse action against Defendant, including the judgment filed in Jackson or Buncombe County unless this agreement is triggered by any of the following:

a) Defendant shall cease and desist in any and all libelous, slanderous, demeaning, defaming, or otherwise derogatory communications about the Plaintiff, whether factual or not, written, verbal, or otherwise communicated about the Plaintiff for a period of 10 years from the date of this agreement.

b) In the event that any above referenced material or information is communicated, disseminated or otherwise published about Plaintiff within the next 10 years, *there shall be a rebuttable presumption that such publication or communication was the responsibility of the Defendant, unless proven otherwise by Plaintiff or Defendant,* and Plaintiff is free to pursue collection of the judgment in accordance with the terms herein.

(Emphasis supplied). The consent judgment expressly provided for payment of damages by defendant in the amount of $15,000.00 and costs and attorney fees in the event of breach.

On 28 July and 2 August 2005, plaintiff applied for the position of president at Mayland Community College and Haywood Community College. One week later, Tiara Lance ("Lance"), defendant's neighbor and employer, inquired of defendant about plaintiff's complaint against defendant and the consent judgment. Upon her request, defendant gave Lance a copy of the consent judgment.

Lance wrote a letter to both Mayland Community College and Haywood Community College that discussed the complaint plaintiff had filed against defendant. Lance's letter stated, "[t]he [l]aw [s]uit was settled in agreement that [defendant] shall not make any derogatory comments, as to the same agreement [plaintiff] agreed to make no religious discriminatory statements." The letter included a copy of the consent judgment.

On 17 August 2005, plaintiff filed a motion in the cause to enforce the consent judgment. Plaintiff relied upon Lance's letters and copies of the consent judgment Lance had sent to both community colleges. On 6 October 2005, the trial court heard plaintiff's motion and found:

The Defendant has failed to meet the burden of proof to sufficiently rebut the presumption that the Defendant [has not] ceased and desisted from any and all libelous, slanderous, demeaning, defaming, or otherwise derogatory communication about the Plaintiff, whether factual or not, written, verbal or otherwise communicated about the Plaintiff, in accordance with

Paragraph 1(a) of that *Consent and Forbearance Agreement* dated November 3rd 2004 and attached to Plaintiffs Motion as Exhibit 1.

The trial court entered judgment against defendant for $15,000.00 and awarded plaintiff $631.25 for attorney fees. Defendant appeals.

## II. Issues

Defendant argues the trial court erred by: (1) not finding specific facts and (2) granting plaintiff's motion based on non-existent facts.

## III. Standard of Review

When this court reviews an order from the trial court, sitting without a jury:

> the court's findings of fact have the force and effect of a verdict by a jury and are conclusive on appeal if there is evidence to support them, even though the evidence might sustain findings to the contrary. The trial judge acts as both judge and jury and considers and weighs all the *competent* evidence before him. If different inferences may be drawn from the evidence, he determines which inferences shall be drawn and which shall be rejected.

*Williams v. Pilot Life Ins. Co.*, 288 N.C. 338, 342, 218 S.E.2d 368, 371 (1975) (internal citations omitted).

## IV. Request for Specific Findings of Fact

[1] Defendant argues the trial court erred by not finding specific facts. We disagree.

N.C. Gen. Stat. § 1A-1, Rule 52(a)(2) (2005) states, in part: "Findings of fact and conclusions of law are necessary on decisions of any motion or order ex mero motu only when requested by a party and as provided by Rule 41(b)." This Court has stated, "absent a specific request made pursuant to Rule 52(a)(2), a trial court is not required to either state the reasons for its decision or make findings of fact showing those reasons." *Strickland v. Jacobs*, 88 N.C. App. 397, 399, 363 S.E.2d 229, 230 (1988) (citing *Edge v. Metropolitan Life Ins. Co.*, 78 N.C. App. 624, 337 S.E.2d 672 (1985)). When "there is no suggestion in the record that defendant asked for findings of fact or conclusions of law to be included in the trial court's order, the court's failure to do so is not reversible error." *Granville Med. Ctr. v. Tipton*, 160 N.C. App. 484, 494, 586 S.E.2d 791, 798 (2003).

Defendant contends he requested specific findings of fact during the following colloquy:

> Defense counsel: Mr. Bradley is not responsible for the Consent Forbearance Agreement being sent to Mayland and Haywood Community College. Ms. Lance is, she said many times—
>
> The Court: What about the communication to Ms. Lance?
>
> Defense counsel: Which communication?
>
> The Court: The communication that would give her the information that—enough to send this? Communication that this gentleman was anti-Christian.
>
> . . . .
>
> The Court: . . . the slander has occurred not in the publication of the letters, but in the communication with [Lance][.]

Upon review of the transcript, including defense counsel's above-referenced colloquy and the record, defendant failed to request that the trial court enter specific findings of fact. Under N.C. Gen. Stat. § 1A-1, Rule 52, the trial court was not required to make any specific findings of fact in its order allowing judgment in the absence of a motion or request. This assignment of error is overruled.

## V. Granting Plaintiff's Motion

[2] Defendant argues the trial court erred by granting plaintiff's motion based on non-existent facts. We disagree.

This Court has stated, "when the [trial court] is not required to find facts and make conclusions of law and does not do so, that the court on proper evidence found facts to support its judgment." *Sherwood v. Sherwood*, 29 N.C. App. 112, 113-14, 223 S.E.2d 509, 510-11 (1976) (citing *Williams v. Bray*, 273 N.C. 198, 159 S.E.2d 556 (1968)).

As defendant failed to request specific findings of fact, his second assignment of error is without merit. Further, the record contains sufficient evidence to support the trial court's conclusions of law. Under the express terms of the consent judgment, defendant failed to rebut the presumption that he communicated with Lance about plaintiff and provided her a copy of the consent judgment. This assignment of error is overruled.

## VI. Conclusion

Defendant failed to request specific findings of fact pursuant to N.C. Gen. Stat. § 1A-1, Rule 52(a)(2). In the absence of a motion or request, the trial court properly entered an order allowing judgment against defendant without making specific findings of facts. Without a request for specific findings of fact, it is presumed the trial court found facts from the evidence to support its conclusions of law and enter judgment thereon. *Id.* The trial court's order is affirmed.

Affirmed.

Judges BRYANT and LEVINSON concur.